UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEOPLE OF THE STATE OF
CALIFORNIA ex rel. EDMUND G.
BROWN, JR., Attorney General,

                NO. CIV. S-08-1827 LKK/KJM

      Plaintiff,

  v.                          O R D E R

NATIVE WHOLESALE SUPPLY
COMPANY, a corporation and
DOES 1 through 20, inclusive,

      Defendant.
_____/

    Plaintiff, the People of the State of California, seek to enjoin the defendant, Native Wholesale Supply Company, and all other persons acting in concert with them from unlawfully selling or reselling cigarettes to persons or businesses in California. Plaintiffs alleges that defendants' conduct violates the California Tobacco Directory Law, Cal. Rev. & Tax. Code § 30165.1; the Fire Safety and Firefighter Protection Act; the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq; and standing

1

injunctions.

Pending before the court is plaintiff's motion to remand to Sacramento Superior Court and defendant's motion to dismiss the complaint for lack of personal jurisdiction. For the reasons explained below, the motion to remand is granted and thus the court cannot reach the motion to dismiss.

## I. FACTUAL ALLEGATIONS[1]

Defendant is a closely held corporation chartered by the Sac and Fox Tribe of Oklahoma and has its principal place of business in the state of New York. Compl. ¶ 5.

Since January 1, 2004, defendant has imported and distributed cigarettes manufactured by Grand River Enterprises ("Grand River") in Canada. Id. ¶ 11. Neither the cigarette brands manufactured by Grand River nor the manufacturer is listed on the Attorney General's California Tobacco Directory. Id. ¶¶ 14-17. In fact, the Sacramento Superior Court has issued a series of injunctions against Grand River (in 2004, 2006, and 2007) prohibiting them from selling any cigarettes in California "either directly or through a distributor, retailer or other intermediary." Id. ¶¶ 28-30.

The complaint alleges that defendant and Grand River have operated under an agreement by which defendant imports and distributes cigarettes to persons or businesses operating on

---

[1] The allegations described herein are from the complaint and are taken as true for the purposes of the pending motions only. See Notice of Removal, Ex. A.

2

Native American land in California. Id. ¶ 33. Defendant has shipped or caused to be shipped approximately 250 million cigarettes manufactured by Grand River to Big Sandy Rancheria ("BSR"), in Auberry, California, and Huber Enterprise ("Huber") in Loleta, California, neither of which is licensed by the state to distribute cigarettes. Id. ¶¶ 12, 13, 18, 22. Both BSR and Huber are located on tribal land in California. Id. ¶¶ 19, 22. BSR and Huber are alleged to sell contraband cigarettes to non-Indians in California and distribute Grand River manufactured cigarettes to other persons and businesses for retail sale to non-Indians in California. Id. ¶¶ 19, 20, 23, 24.

Plaintiff alleges that defendant knows or should know that BSR and Huber are selling Grand River cigarettes to non-Indians in California and distributing Grand River cigarettes to other persons or businesses for retail sale to non-Indians in California. Id. ¶¶ 21, 25. Plaintiff also alleges that defendant knew that its continued sales and distribution of Grand River cigarettes to BSR and Huber may have violated the October 29, 2007, injunction and various state statutes.

Plaintiff filed its complaint in Sacramento Superior Court on June 30, 2008. Defendant filed the Notice of Removal on August 8, 2008. Pending before the court is Plaintiff's motion to remand and Defendant's motion to dismiss.

## II. STANDARD FOR MOTION TO REMAND

The removing defendant always has the burden of establishing federal jurisdiction. Gaus v. Miles, Inc., 980

3

F.2d 564, 566 (9th Cir. 1992). Upon removal, the district court must determine whether it has subject matter jurisdiction and, if not, it must remand. Lyons v. Alaska Teamsters Employer Serv. Corp., 188 F.3d 1170, 1171 (9th Cir. 1999). A defendant may remove any state court action to federal district court if the latter court has original jurisdiction under "a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441; see also 28 § U.S.C. 1331. Whether a cause of action arises under the Constitution, treaties or laws of the United States must be determined solely from what is contained in the plaintiff's well-pleaded complaint. Taylor v. Anderson, 234 U.S. 74, 75-76 (1914). Federal jurisdiction is not proper when the federal question only arises through the defendant's defense or the plaintiff's necessary response thereto. Id.; Christianson v. Cold Indus. Operating Corp., 486 U.S. 800, 809 (1988).

### III. ANALYSIS

Defendant removed this action to federal court by asserting that federal question jurisdiction is proper, first, because plaintiff alleged violations of the Jenkins Act and, second, because the underlying issue raised by the complaint is whether a state can regulate out-of-state activities or tribes.[2] Plaintiff moves to remand on the grounds that there is no

---

[2] In its opposition to plaintiff's motion to remand, defendant concedes that plaintiff's invocation of the Jenkins Act does not suffice to confer federal jurisdiction. Opp'n at 4.

4

federal question, as the complaint only alleges state law causes of action.

District courts have original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. There are two ways in which a federal court may obtain jurisdiction under § 1331. Christianson, 486 U.S. at 809. First, jurisdiction under § 1331 extends to cases where federal law creates a cause of action within the constraints of the well-pleaded complaint. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983). The defendant acknowledges that federal law does not create the plaintiff's cause of action here.

Under the second prong of the Christianson test, jurisdiction is proper where the district court has examined all of the theories under which a plaintiff may recover on a certain claim and determines that the resolution of a substantial question of federal law is necessary for recovery on that claim. Christianson, 486 U.S. at 809; Franchise Tax Bd., 463 U.S. at 28. A plaintiff's artful phrasing so as to omit the federal aspects of his complaint will not alone justify remand. See Lippitt v. Raymond James Fin. Servs., 340 F.3d 1033, 1041 (9th Cir. 2003). Whether a complaint involves a "substantial question of federal law" is a case-specific inquiry into whether "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of

1  federal law." <u>Franchise Tax Bd.</u>, 463 U.S. at 13.  That the
2  defendant will invoke a defense of federal law or file a
3  counterclaim based on federal law does not create federal
4  jurisdiction, unless the federal statute in question completely
5  preempts the state claim.  <u>Aetna Health, Inc. v. Davila</u>, 542
6  U.S. 200, 207-208 (2004); <u>Louisville & Nashville R. Co. v.</u>
7  <u>Mottley</u>, 211 U.S. 149 (1908).
8       Although the court is not aware of any controlling
9  authority on the issue of whether a state's ability to enforce
10 its statutes against a tribal corporation invokes a substantial
11 federal question, courts have applied the <u>Christianson</u> rule in
12 determining whether jurisdiction is proper in suits involving
13 tribes or tribal matters.  <u>See</u>, <u>e.g.</u>, <u>Okla. Tax Comm'n v.</u>
14 <u>Graham</u>, 489 U.S. 838, 840-41 (1989); <u>Oneida Indian Nation of</u>
15 <u>N.Y. State v. Oneida County, N.Y.</u>, 414 U.S. 661, 666-67 (1974);
16 <u>Morango Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1078-79
17 (9th Cir. 1990).
18      For example, in <u>Oneida</u>, the Court considered whether an
19 action for possession brought by a tribe against the state
20 involved a substantial question of federal law.  414 U.S. at
21 665.  The district court and court of appeals had held that it
22 did not, since the right of possession was wholly a state law
23 cause of action and had been pled as such.  <u>Id.</u> at 665-66.  Both
24 held that the effect of previous treaties or federal statutes on
25 the tribe's claim for possession would only arise as a defense,
26 which could not be a basis for federal jurisdiction.  <u>Id.</u>

6

1    The Supreme Court reversed, holding federal jurisdiction
2 was proper.  Id. at 666.  It determined that plaintiff's
3 asserted right to possession derived from federal law, which was
4 the threshold issue of the case.  Id.  The Court reviewed the
5 history of its cases addressing the possessory rights of the
6 tribes and observed that the tribal right to land title or
7 occupancy was "exclusively the province of federal law."  Id. at
8 670.  It concluded that "for jurisdictional purposes, this is
9 not a case where the underlying right or obligation arises only
10 under state law," but the crux of the complaint was that
11 "federal law protects . . . possessory rights to tribal lands."
12 Id. at 675, 677.

13    In Morongo, the Ninth Circuit reached a similar conclusion
14 in deciding whether a tribe could enforce in federal court a
15 tribal gaming ordinance against a non-member of the tribe.  893
16 F.2d at 1076-77.  In considering whether this "arose under"
17 federal law per § 1331, the court observed that the fundamental
18 question of the case was what the limits of tribal sovereignty
19 and regulatory authority were.  Id. at 1077.  Because federal
20 law "defines" these limits, "[t]he federal question of the
21 Band's power inheres in its complaint."  Id.

22    The distinction between those cases and the instant case is
23 clear.  Here, federal law has not created the plaintiff's causes
24 of action, nor has it created the underlying right that the
25 plaintiff seeks to vindicate.  This distinguishes the present
26 case from Oneida and Morongo, where the plaintiffs were tribes

7

and the rights they sought to vindicate were defined by federal law.  In other words, a question of federal law was a necessary element of the complaint, even if not pled as such.  Here, that is not the case.  The plaintiff, as a sovereign, has an inherent right to enforce its own laws and judicial decrees.  The defendant does not dispute this generally, but contends that, as a tribal corporation, the state may not enforce its laws against it.  Although resolution of this issue will require application of federal law, defendant's argument is essentially an affirmative defense to the plaintiff's causes of action.  As such, this does not give rise to federal question jurisdiction.

## IV. CONCLUSION

For the reasons addressed above, plaintiff's motion to remand is GRANTED.  The matter is remanded to the Sacramento County Superior Court.  The clerk is directed to close the case.

IT IS SO ORDERED.

DATED: October 8, 2008.

*/s/ Lawrence K. Karlton*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

8